```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

MICHAEL J. JOSEPH,              ) **MEMORANDUM DECISION &**
                                ) **DISMISSAL ORDER**
          Petitioner,           )
                                )
     v.                         ) Case No. 2:09-CV-991 BCW
                                )
UTAH BOARD OF PARDONS & PAROLE et al., )
                                ) Magistrate Judge Brooke Wells
          Respondents.          )
_____
```

Petitioner, Michael J. Joseph, an inmate at Utah State Prison, filed a § 2254 habeas corpus petition, *see* 28 U.S.C.S. § 2254 (2011), in which he raises two questions as to the constitutionality of his conviction and sentencing--the unknowingness of his plea-bargain agreement and Utah's indeterminate-sentencing system--and many other allegations regarding the constitutionality of his parole-revocation and parole-determination proceedings. Because Petitioner thus also challenges his sentence's execution, the Court construes those issues as filed under § 2241. *See id.* § 2241. After thoroughly considering Petitioner's and the State's filings, the Court grants the State's motion to dismiss. Petitioner has also filed a motion asking the Court to request an attorney to represent him free of charge.

## MOTION FOR APPOINTED COUNSEL

The Court notes that Petitioner has no constitutional right to appointed pro bono counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC,

1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2011).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies Petitioner's motion for appointed counsel.

## BACKGROUND

On December 12, 1996, Petitioner pled guilty to forcible sexual abuse, a second-degree felony, for which he was sentenced to one-to-fifteen years. He was put on probation. After violating his probation, he was initially incarcerated on this

conviction on October 7, 1998.  Petitioner was granted parole in 2004, 2006, and 2007.  Each parole release was later revoked.

In a state petition for extraordinary relief, filed September 30, 2008, Petitioner unsuccessfully challenged a variety of alleged abuses by the Utah Board of Pardons and Parole (BOP).  He appealed the petition's dismissal to the Utah Court of Appeals, which, on April 15, 2010, affirmed the trial court.  *Joseph v. Bd. Of Pardons*, 2010 UT App 90.  He did not petition for certiorari relief to the Utah Supreme Court.

Petitioner argues here that (1) BOP did not credit him for time served before his probation revocation on in 1998; (2) BOP used false reports and undisclosed information in its determinations regarding him; (3) the BOP warrants used to return Petitioner back to prison were invalid; (4) requiring sex offenders to complete treatment as a prerequisite to parole is unconstitutional; (5) BOP is motivated by political pressure to treat sex offenders disparately harsher than other offenders; (6) parole-revocation proceedings lack due process; (7) Utah's indeterminate-sentencing system is unconstitutional; (8) BOP violated Petitioner's right to challenge special conditions of parole; (9) BOP makes no rules available; (10) there is no appeal of BOP decisions; (11) he entered his plea bargain without understanding consequences--e.g., mandatory sex-offender treatment and registration, and parole release to halfway houses;

and, (12) he was unrepresented by counsel when appearing before the BOP on rehearings.

The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation, failed to exhaust his claims, and/or failed to allege a violation of federal law. The Court agrees.

## ANALYSIS

### I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2244(d)(1) (2011).

The Court calculates the period of limitation as to Petitioner's § 2254 claims, using both subsections (A) & (D) as its guide. Because Petitioner's conviction became final on or about February 20, 1997, Petitioner had to file his § 2254 claims within one year, or on or about February 20, 1998, adding any

4

time tolled by statute or equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000). And, giving Petitioner the benefit of the doubt, assuming for the sake of this Order only that he would not have known about the probation conditions of mandatory sex-offender treatment and registration, and parole release to halfway houses during his initial probationary period, he would surely have realized those requirements were in place by the time he was granted parole for the first time in November 2003. This would have given Petitioner until November 2004 to file for federal habeas relief, which he did not do.

As to Petitioner's § 2241 claims, the Court uses subsection (D) as its guide. So, the Court begins with the date when Petitioner should have discovered his claims. Petitioner received his original parole-grant hearing in December 1998. He should have known by then that BOP had calculated his sentence to end August 2013, thus denying him credit for time served while on probation. Add one year, and Petitioner should have filed this federal habeas claim by December 1999, which he did not do.

On February 27, 2003, Petitioner had his original parole hearing, in which the decision to grant parole was made. He thus should have known by then of his allegations that sex-offender treatment was a prerequisite to parole, that BOP makes no rules available, that there is no appeal of BOP decisions whether to

5

grant parole, and that he was not represented by counsel in hearings about whether to grant parole. Add one year, and Petitioner should have filed any of these federal habeas claims by February 27, 2004, which he did not do.

When Petitioner received his first parole-violation hearing on August 11, 2004, he should have known that the BOP issues retaking warrants, there is no appeal of BOP parole-revocation decisions, and due process was lacking, if it was. Add one year, and Petitioner should have filed any of these federal habeas claims by August 11, 2005, which he did not do.

As to Petitioner's other allegations about false reports and undisclosed information used to determine rehearing dates, and the disparate treatment given sex offenders in parole decisions, he should have known about each of these alleged violations at his parole-revocation hearings on August 11, 2004, February 1, 2006, October 4, 2006, and August 29, 2007. Add one year, and Petitioner should have filed any federal habeas claims by one year from each hearing date, the latest being August 28, 2008.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.S. § 2244(d)(2) (2011). Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"

*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Petitioner filed a state post-conviction application on September 30, 2008--after the federal period of limitation ran out on August 28, 2008. The application was denied by the trial court, then the denial was affirmed by the Utah Court of Appeals on April 15, 2010. In the meantime, Petitioner filed this federal petition on November 5, 2009. "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). So, statutory tolling does not apply to any of Petitioner's claims. And, Petitioner has not made any arguments of equitable tolling.

Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claims are thus denied.

## II. Exhaustion and Procedural Default

As an alternative basis to deny Petitioner's claims, they are unexhausted and procedurally defaulted. Further, Petitioner

7

has not suggested cause and prejudice or a fundamental miscarriage of justice to excuse his apparent failure to exhaust and his procedural default.

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) *(quoting Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). When a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) *(quoting Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also Gonzales v. Jordan*, No. 01-6415, 2002 U.S. App. LEXIS 10781, at *6 (10th Cir. June 5, 2002) (unpublished) ("[W]e conclude that the procedural bar applies to § 2241 petitions.").

Once the denial of Petitioner's state application for post-conviction relief was affirmed by the Utah Court of Appeals on April 15, 2010, the deadline he missed for filing a petition for writ of certiorari in the Utah Supreme Court was May 17, 2010. So, he did not take his issues to the highest Utah court possible, as required to exhaust his claims. Further,

> [a] person is not eligible for relief under this chapter upon any ground that . . . was

8

> raised or addressed in any previous request
> for post-conviction relief or could have
> been, but was not, raised in a previous
> request for post-conviction relief; or . . .
> is barred by the limitation period
> established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2011) (Utah Post-Conviction Remedies Act). Under Utah law, then, Petitioner is now foreclosed from raising his current arguments in a future state habeas petition, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Petitioner argues neither cause and prejudice nor a fundamental miscarriage of justice to justify his procedural default. His contention that further exhaustion would have been futile is conclusory and unsupported.

In sum, it appears that Petitioner did not properly raise any habeas issues whatsoever before the Utah Supreme Court. Moreover, because under state law the questions he brings in this federal petition are no longer eligible to be raised in Utah courts, they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice

9

nor a fundamental miscarriage of justice excusing his apparent default.

### III. Alternative Denial on the Merits

#### a. Utah's Indeterminate Sentencing Scheme

Petitioner attacks the constitutionality of Utah's indeterminate-sentencing scheme. Recently, the same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). The Court thus denies any relief on the basis of this § 2254 claim.

#### b. Questions of State Law

The Court next addresses Petitioner's assertions under § 2241 that he was entitled to an earlier release, based on the matrix; that BOP did not protect his constitutional rights in determining whether to grant him parole (by writing standards, following guidelines, providing appeal information, giving him representation, using "false" information); and, implicitly, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2011). As to BOP's decision about the length

10

of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of one-to-fifteen years. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Also, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)).

The Court also considers Petitioner's possible arguments, about due process in parole determinations, based on *Labrum*. See *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991);

*Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

### c. General Claims

The more universal allegations raised regarding BOP's violation of inmates' rights in general are not valid here. Those included are claims that requiring sex offenders to complete treatment as a prerequisite to parole is unconstitutional and BOP's political motivation to treat sex offenders more harshly than other offenders. Petitioner may bring only on his own behalf specific allegations about violations of his own constitutional rights. Thus, the Court will not further address the general allegations here.

### CONCLUSION

All Petitioner's claims are denied because they were filed past the period of limitation and neither statutory nor equitable tolling apply. As an alternative basis upon which to deny Petitioner's claims, they are barred by principles of exhaustion and procedural default. Alternatively, one of Petitioner's § 2254 claim is denied on the merits because his attack on Utah's indeterminate sentencing scheme is invalid. Also, alternatively,

many of Petitioner's § 2241 claims are denied on the merits because they do not state a violation of federal law.

IT IS THEREFORE ORDERED that Respondents' motion that the Court deny this petition is GRANTED. (*See* Docket Entry # 6.)

IT IS FURTHER ORDERED that Petitioner's motion for appointed counsel is DENIED. (*See* Docket Entry # 15.)

This case is CLOSED.

DATED this 2nd day of March, 2011.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge